Common Pleas Court of Hamilton County.

MARTIN CLARKE V. ALEXANDER ENDERS, ET AL.

Decided July 28, 1931.

D. D. *Woodmansee*, *Nathaniel H. Maxwell* and *Ervin L. Bramlage,* for the plaintiff.

*August A. Rendigs, Jr.* and *Edward Lee .Meyer*, for the defendant.

DARBY, J.

In brief, the plaintiff alleges that on April 6, 1928 Enders rented an automobile and at the time was insured by the Corporation against loss or damage from the operation of said automobile; that the plaintiff during the hiring of said automobile, and the existence of such insurance, was struck and injured; that he instituted an action in this Court against Enders and recovered a judgment for $10,000.00 which has not been paid; that by reason of the failure of Enders to pay the judgment, the liability of the Corporation has become absolute, and plaintiff asks that the sum of $5,000.00 due on said policy be paid to him.

The answer of the Corporation sets forth three defenses, in the first of which it admits the policy and the injury of plaintiff, the recovery of the judgment against Enders, and denies all other allegations.

By way of second defense the Corporation sets forth that Enders violated certain conditions of the policy, and was violating them when the accident happened, and that

the Corporation is therefore not liable. The conditions alleged to have been violated are these:

"6. * * * The customer agrees not to permit said automobile let to be driven by another, except the customer's servants or employees while acting for the customer in the due course of the customer's business * *.

"7. * * * It is expressly agreed that said indemnity protection shall not inure to the benefit of the customer during the time when any of the provisions, conditions and stipulations of this contract are being violated by the customer or the customer's servants or employees." The defendant further sets forth that at the time of the accident the insured permitted one Bailey to drive and operate the automobile, in violation of said conditions.

For its third defense the Corporation avers that Enders had failed to pay the judgment, and therefore the Corporation was not liable.

The reply sets forth that the plaintiff had no knowledge as to the rental contract nor the restrictions contained in the policy of insurance "and avers that all defenses based on such restrictions, whether legal or illegal, are barred by the proceeding wherein plaintiff's judgment was obtained, and that said defendant company had full knowledge of the pendency and trial of said proceedings, and the questions therein considered and determined".

This action is maintained under favor of Section 9510-3 and 9510-4 General Code, which are as follows:

"In respect to every contract of insurance made between an insurance company and any person, firm or corporation by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is responsible, whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible

for such loss or damage or death,. and any such can-
cellation or annullment shall be void.

"Upon the recovery of a final judgment against any
firm, person or corporation by any person, including ad-
ministrators and executors, for loss or damage on ac-
count of bodily injury or death, if the defendant in such
action was insured against loss or damage at the time
when the right of action arose, the judgment creditor
shall be entitled to have the insurance money provided
for in the contract of insurance between the insurance
company and the defendant applied to the satisfaction of
the judgment, and if the judgment is not satisfied within
thirty days after the date when it is rendered, the judg-
ment creditor may proceed in a legal action against the
defendant and the insurance company to reach and apply
the insurance money to the satisfaction of the judgment."

### THE ORIGINAL ACTION.

The pleadings and instructions of the Court in the
original case were submitted on the trial of this cause.
The petition sets forth that the plaintiff was a ped-
estrian on the streets of the city, that Bailey, being the
same person referred to in the answer in this case, act-
ing for said Enders, and being in the service of the de-
fendant, drove the car in a negligent manner, in viola-
tion of ordinances, and other rules as to operating cars
on the street, and caused injury to the plaintiff. The
answer says—

"The defendant Alexander Enders admits  *  *  *
the plaintiff Martin Clarke was in collision with an auto-
mobile operated by one Stanley Bailey"

and a general denial constitutes the remainder of the
answer.

The policy involved in the action contained the fol-
lowing condition relative to accidents:

"B. The assured shall give the Corporation immediate
written notice of any accident, claim, loss or suit here-
under, with the fullest information obtainable and take
all needful steps to protect the property covered hereby
from further damage  *  *  *. The assured shall im-
mediately forward to the Corporation every notice, sum-
mons or other process served on him on behalf of third
persons. Whenever requested by the Corporation, the
assured shall aid in securing information, evidence and

the attendance of witnesses, and shall co-operate with the Corporation except in a pecuniary way, in all matters which the Corporation may deem necessary in the defense of any suit or in the prosecution of any appeal. The assured shall not (without written consent of the Corporation previously given) voluntarily assume or admit of any liability, release the liability of any third party, or incur any expense or settle any claims except at his own cost. *The defense of claims shall be wholly in the control of the Corporation and its refusal to compromise, sue or appeal shall not in any manner increase its liability beyond the limits specified herein."*

It is not claimed that the assured failed to do anything required of him under this condition. The Corporation was notified and assumed the defense of the case, but under what it claims as a "Reservation of Rights" to be hereafter discussed.

The answer was filed by the counsel for the Corporation acting for the defendant in that case. Said counsel appeared in the trial of the case and made defense of it. In the course of the trial certain special instructions were prepared by the respective counsel, and given to the jury, thus showing what claims were presented by the parties respectively.

A complete record of the trial was not presented to this Court, but it fully appears from the instructions requested and given on behalf of the defendant, and since no other subject was covered by them, that the only defense made in the original case was as to whether or not at the time of the accident Bailey was acting for and on behalf of Enders.

Special Charge No. 2 requested by the defendant, and marked "Given" by the Judge, and proven to have been given, is in these words:

"I charge you that a question which you must ask yourselves as a jury and answer it from the evidence, is: Was the driver of the automobile, Stanley Bailey, at the time and place of this accident, engaged in and about any undertaking of the defendant?

"If you find that at the time and place of this accident the driver, Stanley Bailey, was not engaged in and about any undertaking of the defendant, then you need not go farther, nor consider any other questions in this

case, and you are instructed to bring in a verdict for the defendant."

Special Instruction No. 3 asked by the defendant, and marked "Given" by the trial judge, and shown to have been given, is in these words:

"I charge you that if you find from the evidence in the case at the time and place of this accident the Chrysler automobile was being driven and used by Stanley Bailey with the permission and consent of the defendant, for the purpose of taking some girls to their home, and not for any purpose, business or pleasure of the defendant, then the plaintiff cannot recover against this defendant, and your verdict must be for the defendant."

Other instructions prepared by the counsel for the defendant were given, but they pertain to the subject of preponderance of evidence, and the matter of bias or prejudice.

Instructions were presented to this Court showing that the plaintiff also offered instructions which were given and which dealt with the question of the operation of the car by Bailey as an agent of Enders.

The case was submitted to the jury, which returned a verdict of $10,000.00 for the plaintiff, a motion for new trial was filed by the counsel for the Corporation representing Enders, was overruled, judgment entered, judgment was submitted to the same counsel and exception to the judgment taken by that counsel. No proceeding in error to reverse the judgment of the Court of Common Pleas was taken, and the judgment has ripened into an incontestable judgment on the pleadings and issues made in that case.

As stated, the only contest made on behalf of the defendant seems to have related to the question as to whether or not Bailey was acting for Enders at the time of the accident. There was no question but that Bailey was operating the car, and there has been no suggestion in this trial that Bailey was not guilty of negligence, but the judgment would be conclusive as to that.

Under the instructions of the Court, the defendant could only be held liable in case Bailey was operating the automobile on behalf of Enders.

It cannot be too strongly emphasized that the defense made under the pleadings, and made by the Corporation, of which it had full control and therefore exclusive control, was the same defense which it now seeks to make in this action to defeat the recovery under the General Code sections referred to.

The pleadings, evidence, instructions and verdict in the original action were admissible in evidence "to determine what was actually tried therein". *B. Roth Tool Co.* v. *New Amsterdam Casualty Co.,* 161 Fed. Rep., 709, and cases therein cited. Quoted in that case is the language of Mr. Justice White in *Washington Gas Co.* v. *District of Columbia,* 161 U. S., 316, as follows:

"When a person is responsible over to another either by operation of law or by express contract, and he is duly notified of the pendency of the suit and requested to take upon himself the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such party, the judgment if obtained without fraud or collusion will be conclusive against him, whether he has appeared or not."

In view of the allegations of the pleadings in the original case and the instructions given by the Court, it seems that there is no room for any real discussion as to what issues were presented by the attorney for the Corporation representing the defendant in the original case, and any quibbling at this point as to the difference between employee, agent, servant, etc. seems to be of no avail. The instructions 2 and 3 asked by the defendant were so comprehensive as to include any kind of employment of Bailey by Enders.

The Court without hesitation reaches the conclusion therefore, that since the Corporation acting under the contract exercised its sole control of the proceedings, and appeared by its own counsel in court to resist the plaintiff's claim after due notice, it is concluded by the judgment unless the so-called agreement of "Reservation of Rights" is of any effect in the case.

It should also be kept in mind that the Corporation having full control of the defense and error proceedings, it was its failure to contest the matter which caused the judgment to become conclusive as between the parties and those who should be bound by it.

In 4 Jones' Commentary on Evidence, 2 Ed., Sec. 1804, it is said:

"Having regard to the rule that a final judgment is conclusive as between the parties and their privies, it has to be considered who are the parties brought within its operation. In discussing the conclusiveness of judgments upon parties and privies, Greenleaf lays down the rule that, 'Parties, in the larger legal sense, are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses and to appeal from the decision.'"

That principle can be found in almost any text book, and in a multitude of cases, and it would seem to apply especially to a case where, under contract as in this case, the insured has no right whatever of defense, and all control over the claim against the defendant is exclusively in the hands of the Corporation.

A number of cases have been called to the attention of the court, in which it is claimed that the Corporation is not bound by the judgment because it did not have proper notice of the pendency of the action. Those cases have no bearing in a situation such as this, because here there was notice to and defense by the Corporation. Of course the matter of notice to the Corporation could not be, and was not involved in any of the original actions between the insured and the injured party. The issue in those cases was as to whether the insured had injured the plaintiff, and since the Corporation was not a party to the action, the terms of its policy had nothing whatever to do with those cases.

How different this case, however, where notice was given, defense was made, and upon full hearing of the defense of operation by Bailey the jury found for the plaintiff, and now the Corporation wishes another opportunity to present to another jury and procure another judgment upon the same question which it raised in the original case. If the law has any meaning at all as to the conclusiveness of judgments, and if the General Code

Sections 9510-3 and 9510-4 have any meaning, the original judgment in which the question of Bailey's operation was determined is absolutely conclusive upon the Corporation.

The Corporation claims, however, that it undertook this defense under a contract with Enders (the assured) which provided:

" 'It is mutually understood and agreed by and between the parties hereto, that the said first party (Corporation) will provide counsel for the defense of said party of the second part in said suit (Enders), and will carry on the defense of said suit in behalf of said party of the second part without expense to the said party of the second part; on condition however, that it is expressly understood and agreed that in so doing the said party of the first part reserves any and all rights and defenses as to liability which it may have under its said policy-contract, and that its action in defending said party of the second part is not to be considered as a waiver of its aforesaid rights or defenses under said policy-contract to which the said party of the second part by these presents specifically agrees.' "

It is claimed that under that agreement it was open to the Corporation to go in and defend that case upon any issues it might raise, and that it was not waiving its right to make them in a subsequent proceeding such as this. In other words, the Corporation claims the right to impose limitations without consideration upon its contract of insurance.

The contract of insurance says, "The defense of claims shall be wholly in the control of the Corporation * * *." The so-called "Reservation of Rights" says, we will defend without expense to you if it is understood that we have certain rights reserved to us in some future litigation.

It must be kept in mind that the Corporation had taken this responsibility of controlling litigation; that Enders had no right of control over any litigation. When Enders notified the Corporation of the claim, it had a duty. The performance of that duty was not dependent upon any subsequent agreement with Enders, and it could not escape that duty by making another agreement with him after its duty had become absolute, without consideration. In any event, the Corporation did make the defense—it did offer evidence which if proven and believed would have defeated recovery of the plaintiff in the original action.

In the face of the General Code sections referred to, can the so-called "Reservation of Rights" stand as against an absolute duty set forth in the policy?

No good would result from a discussion of the cases referred to for the reason that they do not approximate the question involved here. Taking either view of the case—

1. That the so-called "Reservation of Rights" is not enforcible in view of general principles and the Code sections referred to; or,

2. That the Corporation did make such defense as if successful would have defeated its liability under the policy,

the claim of the Corporation that it has a right to further litigate the question of Bailey's agency or employment must be denied.

While not strictly applicable, there are wise considerations set forth as to why one should be held answerable who appears in Court and makes defense to an action, in *Boehmke* v. *Traction Co.*, 88 Ohio St., 156.

In conclusion the court briefly states its views as follows:

1. The Corporation was duly notified of the original action, and under its contract of indemnity appeared, assumed exclusive control of the litigation, conducted the litigation from beginning to end and made the defense which it claims would excuse it from liability under the policy.

2. The judgment entered in the original case is binding upon the parties to it, and the Corporation, for the reason that it not only had the right and duty to defend, but it actually did defend upon the ground by which it now seeks relief from liability.

3. The Corporation permitted the judgment to become final, absolute and incontestable by failing to take any proceedings to reverse it.

4. Even if the so-called "Reservation of Rights" were a valid and binding contract and could alter the contract of insurance, which in the opinion of the court is not the case, the Corporation did actually and by its counsel appear and defend, and make the same claim it is now making, which was decided adversely to it, and it has no right to further contest the question involved in this case.

Judgment will be entered for the plaintiff in accordance with the prayer of the petition.